UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TREADWAY USA, INC., et al.,

        Petitioners,

        v.

INTER CITY TIRE AND AUTO CENTER, INC., et al.,

        Respondents.

Civil Action No. 14-6848 (MAS) (LHG)

**MEMORANDUM ORDER**

    Petitioners move to transfer three motions from the District of New Jersey to the District of South Carolina, Greenville Division, which issued several subpoenas in a consolidated action currently pending before it, pursuant to Rule 45(f) of the Federal Rules of Civil Procedure. (ECF Nos. 1, 5, 7.) Alternatively, Petitioners move to quash or strike the subpoenas. Respondents filed two cross-motions to compel compliance with the subpoenas. (ECF Nos. 2, 8.) Petitioners replied. (ECF Nos. 3, 10.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

    Rule 45(f) of the Federal Rules of Civil Procedure is a new subsection, effective December 1, 2013, authorizing transfer of subpoena-related motions by the court where compliance is required to the issuing court, either when: (1) "the person subject to the subpoena consents," or (2) "the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Rule 45(f) does not define "exceptional circumstances," but the Advisory Committee Note accompanying the amendment explains that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45 advisory committee's note (2013 amendments).

Petitioners, the persons subject to the majority of the subpoenas at issue, consent to the transfer of the subpoena-related motions back to the issuing court, United States District Court, District of South Carolina, Greenville Division, docket numbers 6:13-cv-01067-HMH and 6:13-cv-02752-HMH (consolidated). Petitioners' motions to transfer additionally include two subpoenas issued to the Bank of America, N.A., and JP Morgan Chase Bank, N.A., (the "Bank Subpoenas") who are not parties to this action and have not consented to transfer. (*See* Pet. to Quash, Ex. G, ECF No. 1-2; Mot. to Transfer, Ex. A., ECF No. 5-2.)

The Court concludes that transferring the motions pursuant to Rule 45(f) is appropriate here, as the persons subject to the majority of the subpoenas consent and there are exceptional circumstances to transfer the motions related to the Bank Subpoenas. Notably, Respondents represented that a trial in the underlying matter is scheduled to commence on February 2, 2015, with jury selection to begin on January 7, 2015. (ECF No. 11.) As such, transfer is warranted in order to avoid disrupting the District of South Carolina's management of the underlying litigation.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 5th day of January, 2015, **ORDERED** that:

1. Jurisdiction of Petitioners' motions (ECF Nos. 1, 5, 7) is transferred to the United States District Court for the District of South Carolina, Greenville Division, docket numbers 6:13-cv-01067-HMH and 6:13-cv-02752-HMH (consolidated) for disposition on the merits.

2. Respondents' motions to compel (ECF Nos. 5, 8) are terminated as moot.

                                                   /s/ Michael A. Shipp
                                                   MICHAEL A. SHIPP
                                                   UNITED STATES DISTRICT JUDGE